FILED'05 NOV 04 07:55USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS M. KING,                     Civil No. 04-1710-HO

    Plaintiff,                    ORDER

v.

COMMISSIONER, Social Security
Administration,

    Defendant.

Plaintiff seeks review of the decision of the Commissioner denying his application for supplemental security income payments.

## Discussion

Plaintiff contends that the administrative law judge (ALJ) erred by rejecting the opinions of his doctors, failing to consider all of his impairments, failing to assess limitations attributable to his severe back impairment, and finding that he can perform past work. He further contends that the court should find him disabled according to medical-vocational guidelines.

The ALJ permissibly rejected Dr. Black's brief and conclusory opinion that plaintiff is unable to work due to "advanced degeneration of the [the] spine." (Tr. 24, 443). This opinion is contradicted by the medical expert's testimony that plaintiff's recent allegation of impairment to the lumbar spine does not appear severe. (Tr. 473). The ALJ may reject a physician's contradicted opinion by stating specific and legitimate reasons supported by substantial evidence. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). When evaluating conflicting opinions, the ALJ need not accept an opinion that is brief, conclusory, and not adequately supported by clinical findings. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ noted that Dr. Black's sparse clinical notes evinced no abnormal spinal complaints, and a January 23, 2004, CT scan "revealed only mild degenerative changes, diffuse disc bulging and mild spinal stenosis." (Tr. 25-35). He further reasoned that Dr. Black's opinion is not well supported by medically acceptable clinical and/or laboratory diagnostic studies, and is inconsistent with other substantial evidence. (Tr. 25, 442-43).

Plaintiff argues that the ALJ misstated the objective medical evidence of moderate degenerative disc disease. Any misstatement of the evidence in this regard was harmless. Dr. Kaplan interpreted the CT scan results to reveal multilevel

degenerative changes, including what appears to be mild spinal stenosis at the L4-5 level. (Tr. 443) While Dr. Kaplan found moderate degenerative facet disease at L2-3 and L3-4, this was without neuroforaminal compromise. (Tr. 442).

The ALJ also noted the fact that plaintiff worked at the medium to heavy exertional level as recently as August, 2003. This finding is based on plaintiff's testimony. Plaintiff argues that he actually performed this work for Brown's Architectural Sheet Metal in Hillsboro, Oregon, between July and October, 2002, before he applied for benefits. Pl's Brief at 20; (Tr., 65-67). Substantial evidence, as well as plaintiff's own recitation of the facts, establishes that he was incarcerated in California between late March and October, 2002. Pl's Brief at 4-5 (citing to (Tr. 330, 377)). Regardless of whether plaintiff performed the work in 2002 and 2003, the fact that he performed the work at all during his alleged period of disability casts doubt on Dr. Black's later opinion that plaintiff cannot work due to advanced degenerative disc disease, even if it does not directly conflict with that opinion.

The ALJ also permissibly rejected Dr. Guardalabene's opinion that plaintiff suffers from mental impairments, and permissibly concluded that plaintiff does not suffer from severe mental impairments. Dr. Guardalabene diagnosed cocaine and heroin dependence in full sustained remission by plaintiff's self-

3 - ORDER

report, major depressive disorder, recurrent, moderate, adjustment disorder with depressed mood, and antisocial personality disorder with avoidant personality features. (Tr. 382). He also opined that plaintiff's highest global assessment of functioning in the past year is 55. Id. The ALJ cited the contradictory assessment of treating sources in the California prison system who followed plaintiff's condition over time, plaintiff's false statements to Dr. Guardalabene, and Dr. Guardalabene's own concerns that plaintiff may have misrepresented his intellectual abilities and abstinence from drug use. (Tr. 24-25). Dr. Guardalabene's report indicates that his assessment of depression and adjustment disorder is based on plaintiff's self-report, no records were available for review, and questions of response validity are "of primary concern." (Tr. 376, 383). The ALJ noted that plaintiff misrepresented to Dr. Guardalabene that he had abstained from drug use for over one year, when in fact plaintiff used methamphetamine daily for thirty or forty days during that time period. (Tr. 23, 24, 330).

Substantial evidence validates Dr. Guardalabene's concerns that plaintiff may not be a credible reporter, and the ALJ properly found plaintiff not fully credible. Plaintiff does not contend otherwise. Because Dr. Guardalabene based his opinion on plaintiff's reports and without the benefit of plaintiff's medical history, the ALJ did not err in rejecting Dr.

4 - ORDER

Guardalabene's opinion. Plaintiff points to no other medical evidence in support of his argument that he suffers from a severe mental impairment.

Plaintiff complains that the ALJ did not include limitations due to dizziness in his assessment of plaintiff's residual functional capacity (RFC). Plaintiff seems to attribute this symptom to insulin use. Pl's Brief at 16. Plaintiff identifies no objective medical evidence associating this symptom with a medical abnormality. Instead, he points to prison medical records evincing that he complained of dizziness, and that a prison doctor assigned him a lower bunk and opined that plaintiff cannot work, after indicating on a check-box form that plaintiff "may seize or lose consciousness suddenly," and that plaintiff has a "musculoskeltal [sic] disorder" and dizziness. (Tr. 214-15). As noted, plaintiff does not challenge the ALJ's finding regarding his credibility. The ALJ was not required to include in the RFC assessment limitations due to symptoms alleged by plaintiff but associated to no abnormality by medical evidence.

Plaintiff argues that the ALJ failed to consider effects of his depression. As noted, the ALJ properly rejected the only medical evidence of mental impairments with more than a minimal effect on plaintiff's ability to perform work activities, and plaintiff does not challenge the ALJ's determination of plaintiff's credibility.

5 - ORDER

Plaintiff contends that the ALJ failed to include limitations from plaintiff's severe back impairment in his assessment of plaintiff's RFC. As discussed above, the ALJ properly rejected Dr. Black's conclusory opinion that plaintiff cannot work and made, at most, a harmless error in interpreting Dr. Kaplan's analysis of the CT scan. Further, plaintiff does not challenge the ALJ's determination of his credibility. Finally, the ALJ's determination that plaintiff can perform work at the medium exertion level is supported by the fact that plaintiff performed work at this level during his alleged period of disability.

Plaintiff disputes the ALJ's finding that he retains the RFC to perform past work as an x-ray technician, skilled or high semi-skilled work at the light exertion level, and as a sheet metal worker, unskilled work at the medium exertion level. Plaintiff specifically argues that the record is devoid of earnings statements proving that he worked at these jobs long enough to learn them, and that his own statements are inconsistent. The ALJ is charged with resolving inconsistencies in the evidence. Substantial evidence supports the ALJ's finding that the x-ray technician job qualifies as past relevant work. Plaintiff contends that the job takes six months to learn. There is substantial evidence that plaintiff worked at this job for more than six months during the fifteen year period ending with

the ALJ's decision. (Tr. 92, 100); 20 C.F.R. § 416.965.

The court need not consider the sheet worker position, or plaintiff's argument that he should be found disabled according to medical-vocational guidelines. Plaintiff concedes that this last argument depends upon the court finding that he can perform no more than sedentary work. The ALJ properly found otherwise. Plaintiff does not demonstrate that the decision of the ALJ is unsupported by substantial evidence or free of legal error.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED

DATED this 3rd day of November, 2005.

Michael R. Hogan
United States District Judge

7 - ORDER